UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER ELLEN GRIMMAGE,

                Plaintiff,

-vs-                    **No. 6:17-CV-06570 (MAT)**
                            **DECISION AND ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Jennifer Ellen Grimmage ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted, the matter is remanded for additional administrative proceedings, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed an application for DIB in June 2012, alleging disability as of September 20, 2010 due to depression, diabetes, hypothyroidism, and hypertension.

Administrative Transcript ("T.") 222-25. Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). T. 131-44, 149-56. In October 2015, Plaintiff amended her alleged onset date to April 26, 2013. T. 103, 233. In November 2015, while her request for an ALJ hearing was still pending, Plaintiff filed an application for SSI. *See* T. 12.

ALJ John P. Costello presided over a hearing on December 1, 2015, at which Plaintiff appeared with her attorney. T. 94-130. On January 21, 2016, the ALJ issued an unfavorable decision. T. 12-26. On June 16, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-4. This action followed.

**III. The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2013. T. 14. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 20, 2010, the alleged onset date. *Id*.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar and

2

cervical spines, arthritis/joint disease of the knees and right ankle, carpal tunnel syndrome, diabetes mellitus, obesity, and bipolar disorder. *Id.* The ALJ further found that Plaintiff had the non-severe impairments of arthritis in her shoulders and hips. T. 16.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 17. The ALJ particularly considered sections 1.02, 1.04, 9.00, 11.14, 12.04, and 12.06 in making that determination. T. 17-19.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations: is limited to occasional stooping; should not be required to balance; is limited to simple, routine work tasks; is limited to frequent, but not constant, interaction with coworkers and the general public; and is limited to frequent reaching, handling, and fingering bilaterally. T. 19-20.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. T. 24. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the

3

representative occupations of preparer and label pinker. T. 24-25. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 25-26.

**IV. Discussion**

**A. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff argues that remand of this matter is required because the ALJ's RFC assessment is supported solely by his lay

judgment. More specifically, Plaintiff contends that the ALJ's conclusion that Plaintiff is capable of frequently reaching, handling, and fingering bilaterally is unsupported by substantial evidence and that the opinion of consultative examiner Dr. Seema Khaneja, on which the ALJ relied, was both vague and stale. For the reasons set forth below, the Court agrees that the ALJ's conclusion regarding the extent of her ability to use her arms and hands was not supported by substantial evidence, and that remand of this matter is therefore required.

### B. The ALJ's Finding Regarding Plaintiff's Ability to Reach, Handle, and Finger is Unsupported by Substantial Evidence

Plaintiff contends that the ALJ relied upon his own lay opinion to conclude that she was capable of frequently reaching, handling, and fingering. In particular, Plaintiff argues that Dr. Khaneja's opinion, which stated that Plaintiff had "moderate" limitations in "activities requiring repetitive fine hand motions as well as any reaching" (T 396), does not provide substantial evidence to suppport the ALJ's conclusions, and that the record is otherwise devoid of competent medical opinion supporting the ALJ's conclusions. For the reasons discussed below, the Court agrees.

Dr. Khaneja examined Plaintiff on December 3, 2013. T. 390-96. Plaintiff had diminished sensation bilaterally from her shoulders to fingers, with 4/5 strength in her upper extremities. T. 395. Plaintiff also had diminished hand and finger dexterity bilaterally, as well as diminished ability to zip, button, tie, and

5

use velcro.  *Id.*  Plaintiff's grip strength was 4/5 bilaterally. *Id.*  Dr. Khaneja opined that Plaintiff had "moderate limitations with activities requiring repetitive fine hand motions as well as any reaching, bending, stooping, kneeling, pushing, or pulling." T. 396.

In his decision, the ALJ considered Dr. Khaneja's opinion, noting that Dr. Khaneja had opined that Plaintiff would have "moderate difficulties in general with . . . manipulative activities," and further observing that "'moderate' in this context does not translate readily into the more specific terms of an RFC." T. 23.  However, the ALJ concluded that Dr. Khaneja's opinion, to which he gave "great weight," did not "obviously contradict a finding that the claimant would be limited to sedentary work with some manipulative limitations."  *Id.*

The Court agrees with Plaintiff that Dr. Khaneja's opinion does not provide substantial evidence supporting the ALJ's finding that she is capable of frequent reaching, handling, and fingering. Indeed, the ALJ did not even suggest that he had relied upon Dr. Khaneja's opinion in reaching this conclusion, but instead merely stated that Dr. Khaneja's opinion did not "obviously contradict" his assessment.  However, the purported lack of conflict between Dr. Khaneja's opinion and the ALJ's RFC finding does not constitute substantial evidence regarding Plaintiff's abilities.  *See Rosa v. Callahan*, 168 F.3d 72, 81 (2d Cir. 1999) (where a consultative examiner's opinion is "consistent" with an

6

RFC finding "only to the extent that [it is] silent on the issue," it does not constitute substantial evidence to support a denial of benefits).

Moreover, the ALJ provided no explanation for his conclusion that "moderate limitations" in reaching and repetitive fine hand motions were consistent with the ability to perform manipulative activities "frequently." The Social Security Administration's Program Operations Manuel System ("POMS"), contains "a set of guidelines through which the Social Security Administration further construes the statutes governing its operations," *Lopes v. Dep't of Soc. Servs.*, 696 F.3d 180, 186 (2d Cir. 2012) (internal quotation and alteration omitted), defines "frequently" as occurring up to two-thirds of the work day. POMS § DI 25001.001. It is not apparent to the Court how the ALJ reached the conclusion that "moderate limitations" in manipulative activities are consistent with an ability to perform those activities on a sustained basis for the majority of a workday, nor can the ALJ's rationale be gleaned from his decision. Accordingly, the Court finds that Dr. Khaneja's opinion does not provide the necessary substantial evidence for the ALJ's conclusion that Plaintiff was capable of frequent reaching, handling, and fingering.

The ALJ's conclusions regarding Plaintiff's ability to use her hands and arms are also not otherwise supported by the evidence of record. The only other medical opinions in the record were completed by treating nurse practitioner ("NP") F'Tyna Dearring, who indicated in her final assessment of Plaintiff on April 24,

7

2015, that Plaintiff was "very limited" in her abilities to push, pull, lift, and carry, and that she could only work for up to ten hours per week. T. 501-504. Nothing in NP Dearring's opinions suggests that Plaintiff is capable of reaching, handling, or fingering for two-thirds of a workday.

This is also "not a case where the medical evidence shows relatively little physical impairment such that the ALJ can render a common sense judgment about functional capacity." *Palascak v. Colvin*, No. 1:11-CV-0592 MAT, 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) (internal quotation omitted). Plaintiff has a long, well-established history of significant problems with her arms and hands. She has undergone multiple surgeries related to carpal tunnel syndrome. An EMG taken on May 12, 2015 revealed chronic moderate to severe right median neuropathy at the wrist, a right ulnar neuropathy at the elbow, and rotator cuff tendinopathy. T. 925. "[A]dministrative law judges are unqualified to assess residual functional capacity on the basis of bare medical findings in instances when there is a relatively high degree of impairment." *Kinslow v. Colvin*, Civil Action No. 5:12-cv-1541 (GLS/ESH), 2014 WL 788793, at *5 (N.D.N.Y. Feb. 25, 2014). In this case, where the medical evidence shows that Plaintiff has significant impairments in her arms and hands, and where no medical opinion evidence supports the ALJ's RFC assessment, the Court finds the ALJ's conclusion that Plaintiff was capable of frequent reaching, handling, and fingering unsupported by substantial evidence.

For the reasons discussed above, this matter is remanded for further administrative proceedings. On remand, the ALJ is instructed to rely on competent medical opinion in determining Plaintiff's RFC. If necessary, the ALJ should obtain an updated consultative examination.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted and the matter is remanded for further administrative proceedings. The Commissioner's motion for judgment on the pleadings (Docket No. 10) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   August 29, 2018
         Rochester, New York.